IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>    Plaintiff,<br><br> v.<br><br>WARDEN KEVIN CHAPPELL, et al.,<br><br>    Defendants. | No. C 13-3301 SBA (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

    Plaintiff filed the present pro se prisoner complaint under 42 U.S.C. § 1983. His complaint challenges his detention, and he requests to "be released from prison NOW." (Compl. at 4 (emphasis in original).) In addition to relief in the form of his release from prison, Plaintiff's complaint seeks relief due to alleged constitutional violations at trial. He also requests leave to proceed in forma pauperis.

## DISCUSSION

### I. Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated,

and (2) that the alleged deprivation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claim

In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In this case, Plaintiff's allegations attack the duration of his confinement rather than the conditions of his confinement. When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in getting the duration of the sentence changed in another forum, for instance by succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under section 1983. Accordingly, the instant complaint is DISMISSED without prejudice.

## CONCLUSION

The Court concludes that Plaintiff's complaint fails to challenge the conditions of his confinement. His claims attack the duration of his confinement and are more appropriately

2

1  addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Therefore, the
2  complaint is DISMISSED without prejudice to Plaintiff filing a habeas action.  The Court has
3  rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.
4        The Clerk of the Court shall terminate all pending motions as moot, including his motion for
5  appointment of counsel (Docket No. 7), and close the file.
6        The Clerk shall send Plaintiff a blank habeas corpus petition form along with his copy of this
7  Order.
8        IT IS SO ORDERED.
9  DATED: 8/26/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge